IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| JUSTUS ONYIEGO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-02073-MSN-tmp |
| ) | |
| WARDEN JERRY WARDLOW, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER DENYING PETITIONER'S MOTION TO COMPEL RESPONDENT'S FILING OF STATE COURT ORAL ARGUMENT AUDIO AND DIRECTING RESPONDENT TO SUPPLMENT RESPONSE TO THE PETITION**

Before the Court is the Petitioner's "motion to compel Respondent to file the audio of the oral argument ['Audio'][,] or in the alternative transcribe the evidence adduced at[,] the [h]earing before the [Tennessee] Court of Criminal Appeals ['TCCA'] on January 5, 2023." (ECF No. 32 at PageID 2038, "Motion to Compel Audio.") For the reasons explained below, the Motion to Compel Audio is **DENIED**.

I.   **PROCEDURAL HISTORY**

On January 29, 2024, Petitioner Justus Onyiego, who is incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee and is assigned Tennessee Department of Correction prisoner identification number 482266, filed a *pro se* petition pursuant to 28 U.S.C. § 2254. (ECF No. 1, "Petition".) On February 13, 2024, the Court directed Respondent to file the state court record and respond to the Petition. (ECF No. 6.) The Order to Answer directed Respondent to "file a response/answer to the § 2254 Petition . . . . The answer shall include the

complete state-court record, organized and appropriately indexed, as required by Administrative Order 16-31." (*Id*. at PageID 95.)

On March 12, 2024, Respondent filed an index of the state court record (ECF No. 10) and "the appellate records, the appellate briefs, the opinions, and the relevant orders from the direct appeal of the petitioner's convictions and petitioner's post-conviction petition." (*See* ECF No. 20, "Response," at PageID 1865; ECF Nos. 10-1 through 10-37.) On May 23, 2024, Respondent filed a response to the Petition, representing that "[t]o the [R]espondent's knowledge, all pertinent and necessary state-court proceedings have been transcribed and filed with the Clerk." (ECF No. 20 at PageID 1865.)

On August 1, 2024, the Court granted Petitioner's Second Motion for Extension of Time to File a Reply to the Response (ECF No. 26), setting August 29, 2024 as Petitioner's deadline. (ECF No. 27 at PageID 1962–63.) On August 30, 2024, Petitioner filed his Third Motion for Extension of Time to File a Reply to the Response. (ECF No. 28.) On March 24, 2025, the Court denied that motion. (ECF No. 31 at PageID 2036–37 ("Petitioner has not shown good cause for an extension of time until November 4, 2024 to file his reply."))

On April 16, 2025, Petitioner filed the present Motion to Compel Audio, contending solely that "for a complete state-court record to be complete for review by this Court, the oral argument hearing should be included as part of the record filed with the Court." (ECF No. 32 at PageID 2038.) Petitioner offers no facts or legal argument in support. On May 1, 2025, Respondent filed a response opposing the Motion to Compel Audio. (ECF No. 33.)

## II.  ANALYSIS

Pursuant to Administrative Order 16-31, as referenced in the Order to Answer (ECF No. 6), "the complete state court record shall include: (1) the complete trial court record; (2) the complete record on direct appeal; and (3) the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and ruling on any state petition.  (*See* https://www.tnwd.uscourts.gov/sites/tnwd/files/16-31.pdf (last accessed Feb. 10, 2026).)

Pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"):

> The answer must . . . indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.  The respondent must attach to the answer parts of the transcript that the respondent considers *relevant*.  The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished.  If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Habeas Rule 5(c) (emphasis added).  A respondent, therefore, is required to produce only transcripts of pretrial, trial, sentencing, or post-conviction proceedings that he considers *relevant* in addressing Petitioner's § 2254 Petition.  Here, in the Response to the § 2254 Petition, Respondent represents that "all pertinent and necessary state-court proceedings have been . . . filed with the Clerk."   (ECF No. 20 at PageID 1865.)

Petitioner, though, seeks to compel Respondent to file the audio from an unspecified January 5, 2023, "hearing" before the TCCA.  (ECF No. 32 at PageID 2038.)

The Motion to Compel Audio does not justify the relief Petitioner seeks, nor is granting that relief otherwise warranted.

3

First, the nature of the purported January 5, 2023 "hearing" before the TCCA is unclear from the record. Petitioner's pursuit of the January 5, 2023, audio *might* refer to an oral argument during post-conviction appellate proceedings. (*See* ECF No. 10-32 at PageID 1684–1710 (reply brief of the State, filed on November 18, 2022, in support of the State's appeal as of right from the post-conviction trial court's grant of post-conviction relief); ECF No. 10-33 at PageID 1711–45 (opinion of the TCCA, entered on March 2, 2023, on the State's appeal of the post-conviction trial court's decision granting relief and ordering a new trial); *Onyiego v. State of Tennessee*, No. W2022-00629-CCA-R3-PC, 2023 WL 2326336, at *1 (Tenn. Crim. App. Mar. 2, 2023) ("Based on the oral arguments, the record, and the parties' briefs, we reverse the post-conviction court's granting relief for the Petitioner's conviction of aggravated rape causing bodily injury . . . .")) The record, though, leaves the Court unable to determine conclusively the particular proceeding purportedly recorded because, *inter alia*: (1) the Motion to Compel Audi itself, though, refers only vaguely to an "oral argument . . .before the [TCCA] . . . on January 5, 2023" (ECF No. 32 at PageID 2038); (2) the Respondent's index of the state court record does not identify any transcripts from a TCCA hearing on January 5, 2023 (*see* ECF No. 10 at PageID 111–12); and (3) in the Response, the Respondent does not provide the chronology of the procedural history of post-conviction appellate proceedings. (*See* ECF No. 20 at PageID 1865–66, 1870–84.) The Court cannot speculate about the precise nature of relief the Motion to Compel Audio asks the Court to provide.

Second, even if the audio is indeed the sound recording of oral argument before the TCCA during post-conviction appellate proceedings, Petitioner fails to explain the relevance and/or necessity of the recording for the resolution of his habeas claims. Rather, Petitioner alleges only

4

generally that the Audio "should be included as part of the record . . . for a complete state-court record." (ECF No. 32 at PageID 2038.) In his Response opposing the Motion to Compel Audio, Respondent argues:

> Nothing in the [Habeas] Rule[s] contemplates a requirement to file, let alone create, a transcription of an appellate hearing. To the extent that any relevant information would be contained therein, it would be reflected in relevant part in the subsequent opinion of the [TCCA] already filed in this matter.[1] The petitioner has not alleged the existence of any particular evidence that would be found solely in the oral arguments, nor has he articulated any specific way such evidence would be necessary to the evaluation of this [P]etition . . . . [A]ny benefit obtained by such a filing is satisfied by the filing of the subsequent [written] opinion [of the TCCA].[2]

(ECF No. 33 at PageID 2041–42.)

The Court concludes that, even assuming Habeas Rule 5(c) contemplates that the Court could order the audio to be furnished, Petitioner has not shown that such recording is relevant or necessary to the resolution of his habeas claims. *See, e.g.*, *McCray v. Anderson*, No. 20-civ-2247, 2021 WL 2940837, at *4 (S.D.N.Y. July 12, 2021); *Saunders v. Comm'r of Dep't of Corr.*, No. 3:13-cv-626, 2015 WL 893395, at *2 (D. Conn. Feb. 27, 2015) ("Because the petitioner has not demonstrated that any relevant portions of trial or habeas transcripts have not been submitted to the Court, the motion seeking an order that the respondent submit trial and habeas transcripts is denied."). Petitioner's request in the Motion to Compel Audio does not merit the Respondent's filing of any audio at this time. Accordingly, the Motion to Compel Audio (ECF No. 32) is **DENIED**.

A final point warrants discussion. The plain language of Habeas Rule 5(c) expressly requires that an answer to a § 2254 petition must indicate the proceedings that have been recorded,

---

[1] *See* ECF No. 10-33 at PageID 1711–45.

[2] *See id*.

but not transcribed.  *See* Habeas Rule 5(c).  The Motion to Compel Audio (ECF No. 32 at PageID 2038) and the Respondent's opposition brief (ECF No. 33 at PageID 2041–42) suggest that an oral argument before the TCCA on January 5, 2023, was recorded.  (*See* ECF No. 33 at PageID 2042 ("Furthermore, insofar as the [P]etitioner wishes to review the recording for his own edification, it is publicly available for review on the [TCCA] website."))  Contrary to the language of Habeas Rule 5(c), Respondent does not specify in the Response to the § 2254 Petition which state court proceedings have been recorded but not transcribed.  (*See* ECF No. 20 at PageID 1865–66 ("Pursuant to Habeas Rule 5 and this Court's prior order, the respondent has filed an Index of State Court Record that includes the appellate records, the appellate briefs, the opinions, and the relevant orders from the direct appeal of the petitioner's convictions and petitioner's post-conviction petition.  To the respondent's knowledge, all pertinent and necessary state-court proceedings have been transcribed and filed with the Clerk"); *see also* ECF No. 10 at PageID 111–12.)  Therefore, pursuant to Habeas Rule 5(c), Respondent is **ORDERED** to supplement the Response to provide a list indicating specifically all state court proceedings that were recorded but not yet transcribed.  *See Griffin v. Haynes*, No. C22-5118-JHC-MLP, 2022 WL 3448991, at *2 (W.D. Wash. July 26, 2022).

       **IT IS SO ORDERED**, this 10th day of February, 2026.

                                       *s/ Mark S. Norris*
                                       MARK S. NORRIS
                                       UNITED STATES DISTRICT JUDGE